UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60595-Civ-COHN/Seltzer

MARISOL ROSA,

    Plaintiff,

v.

AIDS HEALTHCARE FOUNDATION, INC.,
a Florida Corporation,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Dismiss Defendant's Counterclaim and Incorporated Memorandum of Law [DE 11] ("Motion to Dismiss"). The Court has carefully considered the Motion to Dismiss, Defendant's Opposition to the Motion [DE 16], and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

Defendant AIDS Healthcare Foundation, Inc. employed Plaintiff Marisol Rosa from approximately May 2009 until February 2010. DE 1 ¶ 3 ("Complaint"). Plaintiff alleges that Defendant often required her to work through her lunch time. Id. ¶ 4. Plaintiff further alleges that she worked forty-five hours per week, but that Defendant routinely shaved hours from her pay check and rarely paid her overtime. Id. Consequently, on April 19th, 2010, Plaintiff filed an action against Defendant for unpaid

---

[1] Plaintiff has not filed a reply in support of her Motion to Dismiss and the time for filing a reply has passed.

overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq., ("FLSA").

Defendant filed its Answer, Affirmative Defenses, and Counterclaim on May 11, 2010.  See DE 7 ("the Counterclaim").  In its Counterclaim, Defendant asserts a claim for conversion.  See id. at 7.  Specifically, Defendant claims that Plaintiff, on multiple occasions, deprived the AIDS Healthcare Foundation of donated items.  Id. ¶ 36. Plaintiff, however, argues that the Court lacks subject matter jurisdiction over the Counterclaim.  Motion to Dismiss at 2.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  Indeed, federal jurisdiction exists only when a controversy involves either a question of federal law or diversity of citizenship between the parties.  See 28 U.S.C. §§ 1331-1332.  Provided a federal court has original subject matter jurisdiction over at least one claim, the court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

A claim is part of the same case or controversy, if "[t]he state and federal claims derive from a common nucleus of operative fact."  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).  Moreover, if a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[,]" then the claim is compulsory and must be brought as a counterclaim.  Fed. R. Civ. P. 13(a).  According to the Eleventh Circuit, "[a] claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims."  Constr. Aggregates, Ltd. v. Forest

Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998) (quoting Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985)).  This requirement is met where a federal claim and a state claim involve the same facts, occurrences, witnesses, and evidence, even where the elements of the state and federal claims differ.  Palmer v. Hospital Auth., 22 F.3d 1559, 1566 (11th Cir.1994).

If a claim is not compulsory, it is permissive and requires an independent ground for jurisdiction.  Fed. R. Civ. P. 13(b); see also Diamond v. Terminal Ry. Ala. State Docks, 421 F.2d 228, 236 (5th Cir. 1970) ("A permissive counterclaim must be supported by its own grounds of federal jurisdiction . . . or it will be excluded from the case.").[1]  Stated differently, for a federal court to have subject matter jurisdiction over supplementary state law counterclaims involving non-diverse parties, the state law claims presented must be compulsory.  See Arcusa v. Lisa Coplan-Garder, P.A., No. 3:07-cv-712-J-33TEM, 2007 WL 3521986, at *1 (M.D. Fla. Nov. 15, 2007).

Moreover, "[i]n a motion to dismiss, whether it is a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the Court is required to construe the complaint in the light most favorable to the party whose claim is being challenged, and accept all the facts alleged by that party as true."  Hutton v. Grumpie's Pizza & Subs, Inc., No. 07-81228-CIV, 2008 WL 1995091, at *2 (S.D. Fla. May 7, 2008) (citing Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990) (stating that a facial, as opposed to a factual, attack on

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

whether or not a party has sufficiently alleged a basis for subject matter jurisdiction under Rule 12(b)(1) is decided using the same standard as a Rule 12(b)(6) motion for failure to state a claim)).  With these rules in mind, the Court turns to the allegations in the Counterclaim.

### III. DISCUSSION

The Counterclaim alleges that Plaintiff stole Defendant's property while employed by Defendant.  See Counterclaim ¶¶ 35-36.  Moreover, Defendant argues in its Opposition to the Motion to Dismiss that Plaintiff was stealing rather than working during the hours that she claims to have been working.  DE 16 at 3-4 ("Much of the time Plaintiff claims to have worked was actually spent stealing donations intended for the benefit of [Defendant] and its nonprofit mission.  This time does not, under federal law, constitute actual hours worked.").  Defendant's counterclaim, therefore, requires the Court to evaluate the same evidence that it will evaluate to resolve Plaintiff's FLSA claim.  In other words, Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim.  Because Defendant's conversion claim arises out of the same transaction or occurrence that is the subject matter of Plaintiff's FLSA claim, the conversion claim is a compulsory counterclaim.

### IV. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss [DE 11] is **DENIED**.  Plaintiff shall file an answer to the Counterclaim no later than August 17, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of July, 2010.

JAMES I. COHN
United States District Judge

4

Copies provided to counsel of record.